UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURA DAVIS,

                              Plaintiff,

          -against-

SEDGWICK CLAIMS MANAGEMENT
SERVICES,

                              Defendant.

21-CV-7090 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, appearing *pro se* and invoking the Court's federal question and diversity jurisdiction, brings this case under 29 U.SC. §§ 1133 and 1135, 42 U.S.C. § 1981, and state law. By order dated August 24, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Laura Davis, who is a resident of California, filed this complaint against

Sedgwick Claims Management Services, a Delaware corporation with a principal place of

business in Tennessee and a "service address" in Albany, New York. (ECF 1 at 4.)[1] Plaintiff

claims that the underlying facts occurred in California and New York from 2017 to the present.

Following are the allegations in Plaintiff's complaint.

> 1981 claim: I am black, I had an employment contract with Delta Airlines, Inc.
> Because of my race, Defendant Sedgwick impaired my employment contract with
> Delta Airlines.
>
> ERISA claim: Defendant Sedgwick CMS refused and denied and failed to pay my
> short term and long term and retirement benefits under Delta's plan.
>
> Defamation: Defendant Sedgwick CMS told third parties, in California and New
> York, including my employer, Delta Airlines, Inc. that I am a "pole dancer" and a
> "stripper" who gives "naked lap dances" and does "peep shows" and that I'm a
> "pimp" who sells females for sex and that I committed "workers compensation
> fraud" and that I was involved in a "Fraudulent scam" where I was selling travel
> benefits to unknown third parties to "steal" money from Delta Airlines, Inc.

(*Id.* at 5.)

Plaintiff asserts that she suffers from disabling "leg and back injuries," and that Sedgwick

"refuses to provide substantial medical treatment." Plaintiff seeks $50 million in "restitution" for

money she "paid into Delta's long and short term disability plans and retirement plans, emotional

damages, punitive damages, injunctive relief, loss of income, back pay, loss of health insurance,

any relief under ERISA and 1981 for impairment of my employment contract." (*Id.* at 6.)

In the caption of her complaint, Plaintiff asserts that this matter is related to *Azzarmi v.*

*Neubauer*, No. 20-CV-9155 (KMK), a pending *pro se* case filed by another Delta Airlines

employee against a number of defendants, including Sedgwick. Plaintiff, Azzarmi, and another

---

[1] Citations are to the Electronic Case Filing (ECF) system's pagination.

Delta employee filed a joint lawsuit in the United States District Court for the Central District of California against Sedgwick and other defendants. *See Azzarmi et al. v. Delta Airlines*, *et al.*, No. 20-CV-1529 (C.D. Cal. Mar. 16, 2021) (order dismissing complaint on *res judicata* grounds); 21-55265 (9th Cir. Aug. 16, 2021) (granting Plaintiff's motion to voluntarily dismiss appeal and dismissing as frivolous the appeal of Azzarmi and other plaintiff).

## DISCUSSION

### A.     ERISA

Plaintiff asserts a claim under the Employee Retirement Income Security Act (ERISA) for the recovery of benefits from her employee benefits plan. "ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 90 (1983). The civil enforcement scheme set forth in 29 U.S.C. § 1132 "is one of the essential tools for accomplishing the stated purposes of ERISA." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 52, 54 (1987). A civil action may be brought under ERISA

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3).

Plaintiff alleges generally that she was improperly denied benefits. To state such a claim under the ERISA statute, a plaintiff must allege that the benefit plan is an ERISA plan, that the plaintiff is a participant in the plan, and that the defendant breached its ERISA-imposed duty to pay the plaintiff under the terms of the plan. *See Carlson v. Principal Fin. Group*, 320 F.3d 301, 306-308 (2d Cir. 2003); *Harrison v. Metropolitan Life Ins. Co.*, 417 F. Supp. 2d 424, 434 n.2 (S.D.N.Y. 2006) (noting that ERISA "enables a beneficiary to bring a claim to recover benefits due under an ERISA plan.").

Even if the Court assumes that the plan at issue is covered by ERISA and that Plaintiff is a plan participant or beneficiary, she fails to state a claim under ERISA because she does not allege facts suggesting that Defendant improperly denied her claim for benefits. Plaintiff asserts that Defendant refused or failed to pay her "short term and long term and retirement benefits under Delta's plan," but she does not explain the reasons why the claims were denied, and why the denial was improper. The Court grants Plaintiff leave to file an amended complaint to provide more facts to support her ERISA claim.

**B.      42 U.S.C. § 1981**

Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. § 1981(a)). To state a section 1981 claim, a plaintiff must allege that: (1) she is a member of a racial minority; (2) the defendants intended to discriminate on the basis of race; and (3) the discrimination concerns one of the statute's enumerated activities. *Id.* at 476 (holding that a plaintiff is entitled to relief under § 1981 "when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship.").

Plaintiff's allegations do not state a claim under section 1981. At the outset, Plaintiff asserts that Sedgwick "impaired" her contract with Delta Airlines, but she does not provide facts explaining what occurred, and it is not apparent to the Court what she means. Also, Plaintiff alleges that she is a black woman, and that Sedgwick denied her claims for benefits, but there are no facts showing a connection between Plaintiff's race and the denial of her claims or other aspect of the manner in which her claim was handled. If Plaintiff chooses to amend her complaint, she should allege facts suggesting that Defendants' conduct was motivated by race-based animus.

4

C.    **Defamation**

In general, to state a claim for defamation under New York law, a plaintiff must allege: "(1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on part of the publisher; (4) that either constitutes defamation per se or caused 'special damages.'" *Gargiulo v. Forster & Garbus Esqs.*, 651 F. Supp.2d 188, 192 (S.D.N.Y. 2009) (citing *Dillon v. City of New York*, 261 A.D.2d 34, 38, 704 N.Y.S.2d 1 (1st. Dept. 1999), Restatement (Second) of Torts, § 558). The statute of limitations for a defamation claim under New York law is one year. N.Y. C.P.L.R. § 215(3); *McKenzie v. Dow Jones & Co.*, 355 F. App'x 533, 535 (2d Cir. 2009) (summary order). The limitations period begins to run from the date of the first publication of the defamatory statement. *See Firth v. State*, 98 N.Y.2d 365, 369 (2002) (noting that the dissemination of an allegedly defamatory publication "gives rise to one cause of action and that the applicable statute of limitations runs from the date of that publication" (internal quotation marks and brackets omitted)).

Plaintiff does not provide sufficient facts to state a defamation claim, because she does not explain who made the statements, the manner in which the statements were published, and to whom they were published. Moreover, if the allegedly defamatory statements were published more than one year ago, Plaintiff's complaint may be untimely.[2] The Court grants Plaintiff leave

---

[2] Where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading, the Court may dismiss the action *sua sponte*. *See Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and

to amend her complaint to provide additional facts in support of this claim and to allege any facts

showing that the defamation claims are timely.

**D.      Relatedness**

Plaintiff's motion to have this matter assigned to Judge Karas as related to *Azzarmi v.*

*Neubauer*, No. 20-CV-9155 (KMK), is denied. This case was assigned to my docket under Rule

1 of the Rules for the Division of Business Among District Judges (RDB). "As their preamble

makes clear, the RDB rules 'are adopted for the internal management of the case load of the

court and shall not be deemed to vest any rights in litigants or their attorneys.'" *United States v.*

*Donziger*, Nos. 19-CR-561, 11-CV-691, 2020 WL 2216556, at *4 (S.D.N.Y. May 7, 2020)

(emphasis omitted); *see also United States v. Brennerman*, Nos. 17-CR-155, 15-CV-70, 2017 WL

3421397, at *10 (S.D.N.Y. Aug. 8, 2017) ("[T]he RDB vest no rights in litigants—they are for

internal management only." (collecting cases)).

Under Rule 13(a)(1), a judge is to consider several factors in determining relatedness,

including whether: "(A) the actions concern the same or substantially similar parties, property,

transactions or events; (B) there is a substantial factual overlap; (C) the parties could be

subjected to conflicting orders; and (D) whether absent a determination of relatedness there

would be a substantial duplication of effort and expense, delay, or undue burden on the Court,

parties or witnesses." Moreover, "[c]ivil cases shall not be deemed related merely because they

involve common legal issues or the same parties." *See* RDB 13(a)(2)(A); *In re Reyes*, 2019 WL

6170901, at *2 (S.D.N.Y. 2019); *Lan Sang v. Ming Hai*, No. 12-CV-7103 (VEC), 2014 WL

12935807, at *1 (S.D.N.Y. Sept. 30, 2014).

---

opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations
grounds).

Having reviewed Plaintiff's complaint and the docket in No. 20-CV-9155, and having considered the relevant factors, the Court finds that the cases are not related. Plaintiff's application to have this matter assigned to Judge Karas is therefore denied.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims as set forth in this order.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-7090 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff has consented to receive electronic service. (ECF 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 17, 2021
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                _____
                                                    LAURA TAYLOR SWAIN
                                                Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                     (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name                Middle Initial       Last Name

_____
Street Address

_____
County, City                      State            Zip Code

_____
Telephone Number           Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

Defendant 2: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

Defendant 3: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

Defendant 4:

_____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                      State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.