UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURA DAVIS,

                    Plaintiff,

          -against-

SEDGWICK CLAIMS MANAGEMENT
SERVICES,

                    Defendant.

21-CV-7090 (LTS)

ORDER OF DISMISSAL WITH LEAVE TO
REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Laura Davis, who is proceeding *pro se* and *in forma pauperis* (IFP), filed a seven-page complaint against Sedgwick Claims Management Services (Sedgwick), claiming that Sedgwick failed to provide benefits to which she was entitled as an employee of Delta Airlines (Delta). By order dated September 17, 2021, the Court directed Plaintiff to amend her complaint to address deficiencies in the original pleading. On November 18, 2021, Plaintiff filed a 330-page, single-spaced amended complaint that added two new plaintiffs (Venus Stinnett and Aasir Azzarmi), ten new defendants, and multiple new and different claims. The Court dismisses the amended complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 USC § 1915[e][2][B]; *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Laura Davis, a resident of California, filed her original complaint against Sedgwick, which she identifies as a Delaware corporation with a principal place of business in Tennessee and a "service address" in Albany, New York. She alleged that her claims arose from events occurring in California and New York, from 2017 to the present. (ECF 1 at 4.)[1] The allegations were as follows:

---

[1] Citations are to the Electronic Case Filing (ECF) system's pagination.

1981 claim: I am black, I had an employment contract with Delta Airlines, Inc. Because of my race, Defendant Sedgwick impaired my employment contract with Delta Airlines.

ERISA [Employee Retirement Income Security Act of 1974] claim: Defendant Sedgwick CMS refused and denied and failed to pay my short term and long term and retirement benefits under Delta's plan.

Defamation: Defendant Sedgwick CMS told third parties, in California and New York, including my employer, Delta Airlines, Inc. that I am a "pole dancer" and a "stripper" who gives "naked lap dances" and does "peep shows" and that I'm a "pimp" who sells females for sex and that I committed "workers compensation fraud" and that I was involved in a "Fraudulent scam" where I was selling travel benefits to unknown third parties to "steal" money from Delta Airlines, Inc.

(*Id.* at 5.)

Plaintiff sought $50 million in "restitution" for money she "paid into Delta's long and short term disability plans and retirement plans, emotional damages, punitive damages, injunctive relief, loss of income, back pay, loss of health insurance, any relief under ERISA and [42 U.S.C. §] 1981 for impairment of my employment contract." (*Id.* at 6.)

In addition, Plaintiff asked that her case be related to *Azzarmi v. Neubauer*, No. 7:20-CV-9155 (KMK) (*Azzarmi I*), a *pro se* complaint filed in this District by Azzarmi and Stinnett against Sedgwick and QBE, among other defendants. (*Id.* at 7.) In *Azzarmi I*, Azzarmi and Stinnett asserted defamation and other state law claims, and discrimination claims under Section 1981, arising from workers compensation matters.[2]

In the September 17, 2021 order, the Court: (1) set forth the elements of the claims Plaintiff sought to assert (ERISA, Section 1981, and defamation); (2) directed Plaintiff to amend her complaint to provide facts showing that she could state a viable claim; (3) denied Plaintiff's request to relate the matter to *Azzarmi I*; and (4)informed Plaintiff that if she failed to comply

---

[2] Motions to dismiss are pending in *Azzarmi I*.

within the time allowed, and could not show good cause to excuse such failure, the complaint

would be dismissed for failure to state a claim upon which relief may be granted. (ECF 1:21-CV-

7090, 5.)

The Court also noted in its order that Plaintiff had previously filed a joint amended

complaint with Azzarmi[3] and Stinnett against Delta in the United States District Court for the

Central District of California. *Azzarmi v. Delta Airlines*, No. 20-CV-1529 (C.D. Cal. Mar. 16,

2021) (*Azzarmi II*) (dismissing 500-page amended complaint because it did "not cure the *res*

*judicata* issue," and violated Rule 8 [of the Federal Rules of Civil Procedure], which requires "a

short and plain statement of the claim."), *appeal dismissed*, 21-55265 (9th Cir. Aug. 16, 2021)

(granting Davis's motion to voluntarily dismiss appeal, and dismissing as frivolous the appeal of

Azzarmi and Stinnett).

On November 18, 2021, the Court received an amended complaint signed by Plaintiff,

Azzarmi, and Stinnett, and IFP applications from Azzarmi and Stinnett (ECF 1:21-CV-7090, 6-

8.) The amended complaint again names Sedgwick, and adds the following defendants: Delta,

Delta Family Care Disability and Survivorship Plan, William Ittounas, QBE North America

Operations, Kirsten Coursette, Metlife, Indemnity Insurance Company of North America, Chubb

Indemnity Insurance Company, Ace American Insurance Company, and ESIS. (*Id.* No. 6.)

---

[3] Azzarmi, who also uses the name Nicholas Pimental, has brought approximately 20 *pro
se* actions arising out of his prior employment with Delta, none of which has succeeded. In
*Azzarmi v. Catania*, ECF 1:20-CV-4712, 59 (KMK) (S.D.N.Y. Oct. 28, 2021) (*Azzarmi III*), he
was ordered to show cause why a filing injunction should not be imposed, but that case ended on
other grounds without such an injunction having been entered. On October 29, 2021, Azzarmi
moved for reconsideration of the dismissal; that motion remains pending. In light of Azzarmi's
extensive litigation history, another court deemed him a vexatious litigant. *See Azzarmi v. Wurtz*,
No. 20-CV-607 (C.D. Cal. May 21, 2020) (*Azzarmi IV.*)

At more than 300 pages long, the amended complaint consists of boilerplate, repetitive allegations regarding events spanning a number of years, and attachments from other Delta employees and their lawsuits. The gist of the amended complaint is that Defendants discriminated against Davis, Azzarmi, Stinnett, and other Delta employees, defamed them, and conspired under the federal Racketeer Influenced and Corrupt Organizations Act (RICO) to deprive them of benefits to which they were entitled. According to the amended complaint, Defendants "defrauded Plaintiffs and/or other former and current" Delta employees "out of thousands of dollars." The following is an example of the allegations in the amended complaint:

> Defendants engaged in a bait and switch. First, Defendants falsely represented to Plaintiffs that Plaintiffs were insured for "work related injuries by Defendants MetLife, and/or indemnity and/or QBE for ten years and/or 7 years or more, when in fact no workers compensation insurance policy/plan exists and/or existed at any time. Then, after inducing Plaintiff to pay Defendants in order to purchase this non-existent workers compensation insurance plan, Defendants refused to ever honor and/or provide Plaintiffs with the insurance coverage for their "work related injuries" and/or "non work related injuries" after they filed claims with Def. Sedgwick, Def. Delta's TPA. By misrepresenting to Plaintiffs that the wages that Def. Delta fraudulently obtained from Plaintiffs paychecks were never for any third party insurance "disability coverage" policy while failing to disclose that Def. Delta was "self-insured" and never purchased a third party workers compensation insurance policy and/or "non work related injury" insurance policy, Plaintiffs were unable to receive substantial medical treatment, and/or their state entitled weekly workers compensation wages, While Defendants fraudulently and illegally obtained thousands of dollars from Plaintiffs by stealing Plaintiffs wages for non-existent insurance policies that Plaintiffs were NEVER REQUIRED to PURCHASE under state law, as it is/was Delta's legal responsibility, under State Law, to purchase a third party workers compensation policy, unless each individual state approved Def. Delta to be a "self-insured" employer, which never happened. ((ECF 6 at 14-15.) Plaintiff also accuse Defendants of embezzlement, tax fraud, tax evasion, health care fraud, RICO, money laundering, and racially discrimination under 42 U.SC. § 1981, because Defendants' "scheme" was to "obtain money from vulnerable low-income, minority (racial) employees."

(ECF 6 at 16.)

Although no summonses have issued in this case, ten "Proof[s] of Service" have been docketed. (ECF 9-19.)

5

**DISCUSSION**

By order dated September 17, 2021, the Court granted Plaintiff leave to amend her complaint to provide facts suggesting any viable claims against Sedgwick arising under ERISA, Section 1981, and state law. The amended complaint fails to do so and instead is a lengthy discourse that does not cure the deficiencies of the original complaint. "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citing Fed. R. Civ. P. 12(f)); *see also Shomo v. State of N.Y.*, 374 F. App'x 180, 182 (2d Cir. 2010) (unpublished opinion) (holding that where a complaint "contain[ed] a surfeit of detail . . . the district court was within bounds of discretion to strike or dismiss the complaint for noncompliance with Rule 8"); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (per curium) (affirming dismissal of *pro se* plaintiff's 88-page, legal size, single spaced complaint that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension[,] fail[ing] to comply with the requirement of Rule 8"); *Lafurno v. Walters*, No. 18-CV-1935 (JS) (ARL), 2018 WL 2766144, at *3 (E.D.N.Y. June 8, 2018) (dismissing *pro se* plaintiff's 61-page complaint that included a 66-page "memorandum of law" and 157-page "affidavit").

The Court is authorized to dismiss claims going beyond the scope of the original lawsuit and the permitted amendment. *See, e.g. Palm Beach Strategic Income, LP v. Salzman,* 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *Grimes v. Fremont General Corp.*, 933 F. Supp. 2d 584, 597 (S.D.N.Y. 2013) (citing cases); *Sullivan v.*

*Stein*, 487 F. Supp. 2d 52 (D. Conn. 2007) (dismissing claims as "beyond the scope" of the Court's order).

The amended complaint does not comply with Rule 8. It does not contain a short and plain statement showing that Plaintiff is entitled to relief; it fails to provide fair notice to the defendants of the nature of Plaintiff's claims so that they may answer and prepare for trial; and it in no way clarifies Plaintiff's claims. Instead, it adds multiple new parties and presents a barrage of new allegations in an unclear manner. The amended complaint is therefore dismissed for failure to comply with the Court's September 17, 2021 order.

## LEAVE TO AMEND

Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when justice so requires.'" *Littlejohn v. Artuz*, 271 F.3d 360, 362 (2d Cir. 2001). It is appropriate to deny leave to amend, however, for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Aetna Casualty and Surety Co. v. Aniero Concrete Co., Inc.,* 404 F.3d 566 (2d Cir. 2005).

Moreover, the exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A *pro se* litigant who has previously brought a similar case may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

In *Azzarmi II*, another court dismissed a joint complaint Plaintiff filed with Azzarmi and Stinnett for failing to comply with Rule 8. In light of *Azzarmi II*, Plaintiff should have been aware that the amended complaint submitted in this case suffered from the same deficiencies. In

an abundance of caution, the Court grants Plaintiff one final opportunity to file, in good faith, an amended complaint that complies with the September 17, 2021 order.

The Court declines to grant leave to amend to Azzarmi and Stinnett. Nonparties may not file documents in a case unless they have been granted permission to intervene under Rule 24 of the Federal Rules of Civil Procedure. Azzarmi and Stinnett are nonparties, and they have not been granted permission to file documents in this case. To the extent the submissions of Azzarmi and Stinnett could be construed as a motion to intervene, the application is denied. *See High Farms, LLC v. King*, No. 16-CV-736, 2021 WL 1137995, at *10 (E.D.N.Y. Mar. 25, 2021) (noting that district courts have "broad discretion in considering motions to intervene.") (citing *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 98 (2d Cir. 1990)). The amended complaint filed in this case is similar in form and substance to other deficient pleadings that Azzarmi has filed in other courts, and is not a departure from his history of abusive litigation. *See, e.g., Rueb v. Zavaras*, No. 09-CV-00072, 2009 WL 1579518, at *1 (D. Colo. Feb. 2, 2009) (finding "that the joinder of parties and of claims in this case is being used as an abusive litigation tactic.")

## LITIGATION HISTORY AND WARNING

Public Access to Court Electronic Records (PACER) shows Azzarmi's extensive litigation history in various courts arising from his Delta employment. A number of those lawsuits were filed against the same defendants named in the amended complaint filed in this case, including Sedgwick, Delta, QBE, and William Ittounas. Courts have dismissed Azzarmi's prior complaints on *res judicata* grounds, for failing to comply with Federal Rule of Civil Procedure 8, for failing to comply with court orders, and for failing to state a claim under Section 1981 and the RICO statute. *See Azzarmi v. Sedgwick Claims Management Systems, Inc*. No. 21-CV-10074 (E.D. Mich. Jan 11, 2021) (dismissing for failure to state a claim RICO complaint

against Sedgwick and QBE, among others), 21-1185 (6th Cir. Nov. 9, 2021) (affirming dismissal of "inadequately pleaded complaint" and denial of reconsideration and leave to amend); *Azzarmi v. Donnelly*, No. 21-CV-00012 (E.D.N.Y. Jan. 4, 2021) (dismissing for failure to state a claim and on immunity grounds complaint against Eastern District judge arising from her rulings in Azzarmi's cases), 21-803 (2d Cir. Oct. 26, 2021) (dismissing appeal as frivolous); *Azzarmi III*, ECF 1:20-CV-4712, 59 (KMK) (S.D.N.Y. Oct. 28, 2021) (dismissing with prejudice defamation complaint for improper venue and failure to comply with court orders, and noting that while "the Court has afforded Plaintiff significant leeway in view of his *pro se* status, his practice of serially filing untimely, meritless motions ends now."); *Azzarmi v. USDC CALA*, 20-71583 (9th Cir. June 25, 2020) (denying Azzarmi's application because he had "not demonstrated that this case warrants the intervention of the court by means of the extraordinary remedy of mandamus."); *Pimental v. Delta Air Lines, Inc*., No. 17-CV-5317 (E.D.N.Y, July 16, 2019) (dismissing employment discrimination complaint with prejudice under Fed. R. Civ. P. 41(b) for failure to comply with court orders and for using abusive language toward judges); *Pimental v. Delta Airlines*, No. 18-CV-2999 (E.D.N.Y. July 31, 2019) (dismissing with prejudice removal action against, *inter alia*, Delta, Sedgwick, and Ittounas, in light of Azzarmi's "egregious" behavior"), *aff'd*, 19-2343, 19-2376, 19-2499, 19-2510 (2d Cir. Oct. 27, 2020); *Azzarmi v. Ricotta & Marks*, ECF 1:19-CV-4437, 5 (CM) (S.D.N.Y. Oct. 28, 2021) (dismissing for lack of subject matter jurisdiction complaint asserting state law claims against attorneys who represented Azzarmi in litigation against Delta), 19-2343 (2d Cir. May 5, 2020) (dismissing appeal as frivolous).[4]

---

[4] *See also Azzarmi v. Key Food*, ECF 1:20-CV-6835, 34 (GBD) (BCM) (S.D.N.Y. Aug. 21, 2020) (pending defamation complaint alleging that Defendant falsely accused Azzarmi of theft.)

In light of this litigation history, it is unsurprising that Azzarmi has been previously warned against engaging in frivolous litigation in this District, *Azzarmi III*, ECF 1:20-CV-4712, 59 (S.D.N.Y. Oct. 28, 2021); and that a court in another district labeled him vexatious, *Azzarmi IV*, No. 20-CV-607 (C.D. Cal. May 21, 2020).

Courts are authorized to enjoin vexatious litigation, and a court's special solicitude towards *pro se* litigants "does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff[s] [are] calling to vindicate their rights." *Lipin v Hunt*, 573 F. Supp. 2d 836, 845 (S.D.N.Y. 2008) (internal quotation marks and citation omitted); *see also Galanova v. Portnoy*, 432 F.Supp.3d 433, 447 (S.D.N.Y. 2020) ("In determining whether to restrict a litigant's future ability to sue, a court must consider "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.") (citing *Safir v. United States Lines, Inc.,* 792 F.2d 19, 24 (2d Cir. 1986)).

Azzarmi is warned that further duplicative, abusive, or frivolous litigation in this Court will result in an order directing him to show cause why he should not be barred from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651. Plaintiff and Stinnett are warned that if they engage in duplicative, abusive, or frivolous litigation, either on their own or jointly with Azzarmi, they may be ordered to show cause why a filing injunction should not be imposed.

## CONCLUSION

The amended complaint is dismissed for failure to comply with the Court's September 17, 2021 order.

The Court grants Plaintiff Laura Davis leave to file a second amended complaint that complies with the September 17, 2021 order. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption

10

the document as a "Second Amended Complaint," and label the document with docket number 21-CV-7090 (LTS). A Second Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted. The grant of leave applies only to Plaintiff.

To the extent Azzarmi and Stinnett seek leave to intervene in this matter, their application is denied. The Clerk of Court is directed to strike their IFP applications from the docket. (ECF 7-8.) No further documents will be accepted from either Azzarmi or Stinnett in connection with this case, with the exception of those directed to the Second Circuit.

Because the amended complaint has been dismissed, and summonses have not yet issued, no defendant is required to file an answer, notwithstanding the docketing of proofs of service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff Davis has consented to electronic service. (ECF 3.) As a courtesy, the Clerk of Court is directed to mail a copy of this order to Azzarmi and Stinnett.

SO ORDERED.

Dated:   January 18, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## SECOND AMENDED
# COMPLAINT

Do you want a jury trial?
☐ Yes     ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                              State              Zip Code

_____

Telephone Number                          Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                  Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                  Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                  Zip Code

Defendant 4:

_____

First Name                                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                      Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |
|---|---|---|

| |
|---|
| Street Address |

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at [www.pacer.uscourts.gov](http://www.pacer.uscourts.gov) or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) ([www.pacer.uscourts.gov](http://www.pacer.uscourts.gov)) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

## Civil case(s) filed in the Southern District of New York:

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)


_____
Address                    City                    State                    Zip Code


_____
Telephone Number                    E-mail Address


_____
Date                    Signature


**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007