UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURA DAVIS,<br><br>                    Plaintiff,<br><br>        -against-<br><br>SEDGWICK MANAGEMENT CLAIMS SERVICE,<br><br>                    Defendant. | 21 Civ. 7090 (PGG)<br><br>**ORDER OF SERVICE** |

PAUL G. GARDEPHE, United States District Judge:

    Plaintiff, who is appearing pro se, brings this action under 42 U.S.C. § 1981, the Employee Retirement Income Security Act of 1974 (ERISA), the civil Racketeering Influenced and Corrupt Organization (RICO) statute, and state law claims of defamation and fraud, arising out of her former employment with Delta Airlines.  By order dated August 24, 2021, the Court granted Plaintiff's request to proceed in forma pauperis (IFP), that is, without prepayment of fees.

    Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service.  Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the second amended complaint and ordered that a summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.  If the second amended complaint is not served within

that time, Plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Sedgwick Management Claims Service through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendant.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is instructed to issue a summons, complete the USM-285 form with the address for Sedgwick Management Claims Service, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is further directed to mail a copy of this order to Plaintiff together with an information package.

Dated:   February 10, 2022
         New York, New York

SO ORDERED.

*Paul S. Gardephe*
THE HONORABLE PAUL G. GARDEPHE
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Sedgwick Management Claims Services
8125 Sedgwick Way
Memphis, TN 38125