UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LAURA DAVIS,

                Plaintiff,

- against -

SEDGWICK CLAIM MANAGEMENT SERVICES, INC.,

                Defendant.

**ORDER**

21 Civ. 7090 (PGG) (BCM)

---

PAUL G. GARDEPHE, U.S.D.J.:

      Pro se Plaintiff Laura Davis is Black and is a former Delta Airlines flight attendant. In this action, she alleges that Defendant Sedgwick Claim Management Services ("Sedgwick") – Delta's third-party benefits administrator – wrongfully caused Delta's October 2017 termination of her employment, and falsely told Delta that Plaintiff had committed disability fraud. The Second Amended Complaint (the "SAC") asserts claims for interference with contractual rights under 42 U.S.C. § 1981 and for defamation under California common law. (SAC (Dkt. No. 28))

      Defendant has moved to dismiss the SAC pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 41) This Court referred the motion to Magistrate Judge Barbara C. Moses for a Report & Recommendation ("R&R"). (Dkt. No. 43) On August 30, 2023, Judge Moses issued an R&R recommending that Defendant's Rule 12(b)(6) motion to dismiss be granted because Plaintiff has not stated a claim, and that leave to amend be denied. (R&R (Dkt. No. 49))

      For the reasons stated below, the R&R will be adopted, and Plaintiff's claims will be dismissed with prejudice.

# BACKGROUND[1]

## I. PLAINTIFF'S HISTORY OF LITIGATION AGAINST DELTA AND SEDGWICK

This is at least the fourth lawsuit that Plaintiff has brought against Delta and/or Sedgwick in connection with her 2017 termination from Delta.

On December 21, 2018, Plaintiff – who was represented by counsel – brought an action against Delta in the Southern District of Florida. In the Florida action, Plaintiff averred that she "was a resident of New York, Kings County until around November 2017, when Plaintiff became a permanent resident of Florida." Davis v. Delta Airlines, Inc., 18 Civ. 25361, Am. Cmplt. (Dkt. No. 31) ¶ 8 (S.D. Fla. June 18, 2019). In her lawsuit, Plaintiff alleged that she was badly injured by a fall in 2016, and subsequently took disability leave. Upon her return to work at Delta, she requested reasonable accommodations in order to continue receiving treatment. Delta fired her on October 19, 2017, on the pretext that she had misused "buddy passes" and "fast track cards." Davis "br[ought] suit against [Delta] for discrimination and retaliation under the ADA, interference and retaliation under the FMLA, and various [New York] law claims." Davis v. Delta Airlines, Inc., No. 18-25361-CIV, 2019 WL 5742150, at *1 (S.D. Fla. Nov. 5, 2019). On November 5, 2019, the Southern District of Florida dismissed her ADA and FMLA claims with prejudice for failure to state a claim, and declined to exercise supplemental jurisdiction over her New York claims. Id., passim.

---

[1] Because the parties have not objected to Judge Moses's factual statement, this Court adopts it in full. See Silverman v. 3D Total Solutions, Inc., No. 18 CIV. 10231 (AT), 2020 WL 1285049, at *1 n.1 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section and takes the facts characterized therein as true."); Hafford v. Aetna Life Ins. Co., No. 16-CV-4425 (VEC)(SN), 2017 WL 4083580, at *1 (S.D.N.Y. Sept. 13, 2017) ("The parties do not object to the Magistrate Judge's . . . recitation of the facts of this case, and the Court adopts them in full."). The Court draws further background from the public filings in Plaintiff's other actions against Delta and Sedgwick.

2

"On May 19, 2020, [P]laintiff [– now proceeding pro se –] and another former Delta employee, Venus Stinnett, joined a California lawsuit that was already in progress against Delta, Sedgwick, and many other defendants. See Azzarmi v. Delta Air Lines, Inc., 20 Civ. 1529, Am. Cmplt. (Dkt. No. 24) (C.D. Cal. May 19, 2020). . . . The lead plaintiff in Azzarmi v. Delta was Aasir Azzarmi, a fellow former Delta flight attendant and a prolific pro se litigant in multiple jurisdictions." (R&R (Dkt. No. 49) at 2 & n.2)  See Azzarmi v. 55 Fulton Mkt., No. 20CIV6835GBDBCM, 2023 WL 5148253, at *1 & n.2 (S.D.N.Y. Aug. 10, 2023) (describing Azzarmi's litigation history); Brown v. Delta Airlines, 20 Civ. 4566, R&R (Dkt. No. 107) at 53-57 (N.D. Ga. July 19, 2023) (recommending sanctions against pro se plaintiff for submitting court filings ghostwritten by Azzarmi).

Davis's allegations in her California action contradicted factual allegations in her Florida action. In the California action, she averred that she "was a resident of Los Angeles, CA since November 2015, but now currently lives in San Jose, CA." Azzarmi v. Delta Air Lines, Inc., 20 Civ. 1529, Am. Cmplt. (Dkt. No. 24) at p. 15, lines 8-9 (C.D. Cal. May 19, 2020). As to the events leading to her termination,

> Davis alleged that Delta defamed her by telling others, including Sedgwick, that she was working as a pole dancer in a "tittie bar" during her 2016-17 disability leave, and that Sedgwick used that information to tortiously interfere with her "economic long term relationship" with Delta, i.e., her job. Davis learned about the defamation in June and July 2017, from multiple Sedgwick and Delta sources, all of whom told her that the "tip" about her supposed pole dancing job came from her managers at Delta, who "forwarded that information" to Sedgwick because it was Sedgwick's job "to do surveillance on Delta employees who are using and abusing . . . disability leaves." She also learned, from a Sedgwick representative, that Sedgwick had "obtained evidence that several nights a week you were driving to a strip club near your home and working as a stripper dancing on poles while out on a disability leave." Although plaintiff told Sedgwick that she had never engaged in that type of work, Delta terminated her employment in October 2017.

(R&R (Dkt. No. 49) at 2 (quoting the 500-page amended complaint in the California action))

3

The Central District of California dismissed Plaintiff's California action on March 16, 2021, for violating Rule 8(a)(2) of the Federal Rules of Civil Procedure ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."), and because that court "had already dismissed a substantially similar Complaint by [Azzarmi] against the same principal Defendant as barred by res judicata and had determined that [Azzarmi was] a vexatious litigant." Azzarmi v. Delta Air Lines, Inc., No. CV 20-1529-DMG (JCX), 2021 WL 1095329, at *1 (C.D. Cal. Mar. 16, 2021).

Meanwhile, on October 23, 2020 – while the California action was pending – Davis, once again represented by counsel, filed suit against Delta in Supreme Court, Queens County, alleging the New York law claims over which the Southern District of Florida had declined to exercise supplemental jurisdiction. Davis v. Delta Airlines, No. 719826/2020, Summons (Dkt. No. 1) (Queens Cnty. Sup. Ct. Oct. 23, 2020). In the New York state court action, Davis alleges that "a substantial part of the events or omissions giving rise to the claims occurred in Queens County and Plaintiff was a residen[t] of Queens County." Id. at 1. Davis brought the New York action by summons with no complaint attached. She has since submitted a proposed complaint that resembles her allegations in the Florida action. The New York state court action does not contain Davis's lurid allegations that she was defamed and surveilled. Davis v. Delta Airlines, No. 719826/2020, Proposed Cmplt. (Dkt. No. 18) (Queens Cnty. Sup. Ct. July 28, 2023). Although Davis states in her summons that she lives in Queens County, in her proposed complaint she states that she "was a resident of the State of New York, Kings County until around November 2017, when Plaintiff became a permanent resident of Florida." Id. ¶ 4. The New York state court case is ongoing.

## II.     PROCEDURAL HISTORY

The Complaint was filed on August 22, 2021, and contains bare-bones allegations of Section 1981 violations, Employee Retirement Income Security Act of 1974 ("ERISA") violations, and defamation. (Dkt. No. 1) Judge Swain – to whom this case was initially assigned – issued a September 17, 2021 order directing Davis to amend. Judge Swain acknowledges Davis's California action and directs Plaintiff to file an Amended Complaint with sufficient factual allegations to support a claim for relief. (Dkt. No. 5)

On November 18, 2021, Plaintiff filed an incomprehensible 300-page Amended Complaint, adding (1) Azzarmi and Stinnett as co-plaintiffs; (2) numerous parties as additional defendants; and (3) new causes of action. (Dkt. No. 6) In a January 18, 2022 order, Judge Swain dismissed the Amended Complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B) and Rule 8, and granted Davis leave to amend. Judge Swain denied leave to amend as to Azzarmi or Stinnett. (Dkt. No. 22 at 8 ("grant[ing] Plaintiff one final opportunity to file, in good faith, an amended complaint . . ."))

The SAC was filed on January 25, 2022, and asserts claims for violations of Section 1981 and for defamation under California law. (Dkt. No. 28) Plaintiff alleges that she was injured in October 2016, and was then on disability leave from Delta for about 10 months. According to the SAC, Plaintiff was prematurely cleared to return to work by a "paid doctor" working for Delta and/or Sedgwick. Because she was still injured, she applied for additional leave, but Sedgwick denied her claim. According to Plaintiff, the Sedgwick claims manager who denied her claim used racist slurs in explaining that Sedgwick had a policy against "recertifying" disability claims made by Black and Hispanic employees.

The SAC further alleges that Delta fired Plaintiff in October 2017, and that the stated reasons for her termination were (1) a "pass travel violation," in which Plaintiff had given

5

her friend a free flight, and (2) violations of Delta's "reliability policy," which requires employees to return to work within twelve months of first taking disability leave. According to Plaintiff, Delta punishes pass travel violations and enforces its reliability policy in a racially discriminatory fashion. In July 2020 and March 2021, Plaintiff learned that the real reason for her termination was that Sedgwick had falsely told Delta that it had surveilled Davis, and learned that she was "working as a naked pole dancer in a Miami strip club, where [she was] twerking naked, doing back flips and handstands on the pole in nothing but heels and performing naked lap dances for cash tips, while . . . out on a workers' compensation leave pretending to be disabled." According to Plaintiff, Delta concluded from Sedgwick's false report that Plaintiff was engaged in disability benefits fraud. (R&R (Dkt. No. 49) at 7-14 (summarizing the SAC's allegations) (citations and quotation marks omitted))

The SAC does not allege that Sedgwick had the authority to fire Plaintiff, however, or that it controlled Delta's decision whether to fire her. Nor does the SAC identify the Sedgwick employees who allegedly published the defamatory statements at issue, state when they published these statements, or allege in what form they were published.

Plaintiff pleads in the Complaint (Dkt. No. 1 at 3), the Amended Complaint (Dkt. No. 6 ¶ 1), and in the SAC (Dkt. No. 28 ¶ 2) that she is a California resident. Indeed, in the Amended Complaint and in the SAC, Plaintiff states that she "has been domiciled in California since 2016." (Am. Cmplt. (Dkt. No. 6) ¶ 1; SAC (Dkt. No. 28) ¶ 2)

On November 16, 2022, Defendant Sedgwick moved to dismiss the SAC. (Dkt. No. 41). Defendant argues, inter alia, that the SAC does not adequately allege that Sedgwick had the authority to affect Delta's employment decisions, that Plaintiff's defamation claim is time-barred, and that any reports by Sedgwick to Delta regarding Davis's activities – if such reports

6

were made – are privileged. (Def. Br. (Dkt. No. 42)) This Court referred Defendant's motion to Judge Moses for an R&R. (Dkt. No. 43)

On November 22, 2022, Davis – without leave of court – filed a Third Amended Complaint ("TAC"). (Dkt. No. 44) The TAC contradicts Plaintiff's allegations in prior complaints, and adds significant new factual allegations that would have been known to Plaintiff when she filed her earlier complaints. Plaintiff's new factual allegations include the following:

- Plaintiff has been domiciled in Florida since 2017, making her defamation claim subject to Florida law, which has a statute of limitations for defamation claims that is twice as long as the operative statutes of limitations in California and New York;

- Plaintiff was not "permanently terminated" by Delta until July 2020;

- Sedgwick had the "power and/or authority to prevent Plaintiff from contracting with Delta Airlines"; and

- Sedgwick continued to make defamatory statements about Plaintiff through "May 2020 – July 2020," including to Spirit Airlines personnel.

(R&R (Dkt. No. 49) at 14-16 (summarizing TAC) (citations, quotation marks, and internal alterations omitted))

In a November 28, 2022 order, Judge Moses states that because the TAC was not filed as of right, she construes Plaintiff as having moved for leave to amend. Judge Moses goes on to direct Plaintiff to address leave to amend in her opposition to Defendant's motion to dismiss. (Dkt. No. 45)

On August 30, 2022, Judge Moses issued a thorough, well-reasoned, 41-page R&R in which she recommends that Plaintiff's claims be dismissed with prejudice. In her R&R, Judge Moses discusses Plaintiff's California action at length,[2] and concludes that, although it is a

---

[2] The R&R does not discuss Plaintiff's Florida action or her New York state court action. Neither side had brought these cases to Judge Moses's attention.

7

"close[] question," the SAC should not be dismissed on the grounds that the dismissal of the California action has res judicata effect, because there are ambiguities as to whether the dismissal order was on the merits. (R&R (Dkt. No. 49) at 17-21)

As to the merits of the instant case, Judge Moses finds that Plaintiff has not stated a Section 1981 claim because she does not adequately allege that "Sedgwick had the 'power or authority' to get [her] fired," or that racism "was the but-for-cause of her injury." (Id. at 29-32) Judge Moses further concludes that Plaintiff's defamation claim (1) is time-barred, because it is premised on statements Sedgwick allegedly made in 2017 – more than three years before the Complaint and thus well outside the applicable one-year statute of limitations, see N.Y.C.P.L.R. § 215(3)[3]; and (2) lacks sufficient factual detail and arises from alleged statements protected by the common interest privilege between Delta and Sedgwick. (R&R (Dkt. No. 49) at 33-38)

In rejecting Plaintiff's claims on the merits, Judge Moses relies on on-point, in-Circuit case law. (Id. at 29-32, 33-38 (citing, inter alia, Johnson v. City of New York, 2019 WL 4468442, at *13 n.17 (E.D.N.Y. Sept. 18, 2019) (although defendant Autar "also had authority over Plaintiff" in the workplace and treated him unfairly out of racial animus, he could not be liable under Section 1981; "liability under § 1981 for interference with a third-party contract attaches only to persons who actually had the power or authority to prevent the [plaintiff] from contracting with the third party, and . . . Plaintiff has not alleged any facts that Autar had such

---

[3] Although the SAC asserts that California law applies to Plaintiff's defamation claim (Dkt. No. 28, p. 25), Judge Moses concludes that New York law applies, because the defamation claim is a pendent state claim filed in New York, and because Plaintiff alleges that "'a substantial part of the events and omissions' giving rise to her claim took place 'in this district.'" In any event, the R&R notes that "California defamation law . . . also carries a one-year statute of limitations." (R&R (Dkt. No. 49) at 33 n.18 (quoting SAC (Dkt. No. 28) p. 3, ¶ 4; citing Cal. Civ. Proc. Code § 340(c); Morgan Art Found. Ltd. v. McKenzie, 2019 WL 2725625, at *5 (S.D.N.Y. July 1, 2019)))

8

authority") (quotation omitted); Robledo v. Bond No. 9, 965 F. Supp. 2d 470, 477 (S.D.N.Y. 2013) (same); Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 140 S. Ct. 1009, 1019 (2020) ("To prevail [on a Section 1981 claim], a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right."); Gorokhovsky v. Stefantsova, 2022 WL 17487019, at *5 (S.D.N.Y. Dec. 7, 2022) (The one-year statute of limitations for a defamation claim under New York law "runs from the time the allegedly defamatory statements are made, not when the plaintiff first learned of the defamatory remarks or of each element of his claim.") (quotation omitted); Wellner v. City of New York, 2019 WL 1511022, at *2 (S.D.N.Y. Mar. 22, 2019) ("plaintiff must provide enough context for the defendants to defend themselves – namely, 'an indication' of who made what statements, when, and to whom") (quoting MCM Prod. USA, Inc. v. Botton, 2016 WL 5107044, at *5 (S.D.N.Y. Sept. 19, 2016)); Bah v. Apple Inc., 2020 WL 614932, at *11 (S.D.N.Y. Feb. 10, 2020) (the common interest privilege "can cover statements made to or by a defendant's employees as well as its outside vendors")))

        Judge Moses goes on to recommend that Plaintiff be denied leave to amend. In so concluding, she rejects Plaintiff's argument that – because her first two amendments were pursuant to Judge Swain's orders – neither was an "as of right" amendment under Rule 15(a)(1)(A). According to Judge Moses, Rule 15(a)(1) does not "furnish[] a plaintiff with a potentially inexhaustible right to amend 'as a matter of course' that, like an ace in the hole, she can keep in reserve during multiple amendment cycles until the Court is unwilling to grant her any more opportunities to plead a cognizable claim." In this regard, Judge Moses notes that Plaintiff filed the SAC only after Judge Swain gave her "'one final opportunity'" to amend. (Id. at 21-23 (citing Adams v. Tops Markets, 2023 WL 4828029, at *2 (W.D.N.Y. July 7, 2023)

9

(concluding that "by filing her first amended complaint with Defendant's consent under Rule 15(a)(2), Plaintiff's right to amend as a matter of course under Rule 15(a)(1) was extinguished"), report and recommendation adopted, 2023 WL 4828112 (W.D.N.Y. July 26, 2023)); Jan. 18, 2022 Order (Dkt. No. 22) at 8)) Judge Moses concludes that further amendment would not be in good faith: "[N]ot only has plaintiff exhausted the generous opportunities she was given to replead; her Proposed TAC strongly suggests that, upon realizing that the facts she has pleaded cannot sustain a viable cause of action, she has resorted to manufacturing more convenient facts to take their place. Consequently, no further leave to amend should be granted." (Id. at 40)

Judge Moses thus recommends that Sedgwick's motion to dismiss be granted, and that leave to amend be denied.

Plaintiff filed timely objections to the R&R. (Dkt. No. 50)

## DISCUSSION

I. **LEGAL STANDARDS**

A. **Review of a Magistrate Judge's Report and Recommendation**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09-CV-6241 (RMB)(FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)). A decision is "clearly erroneous" when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been

10

committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

Where a timely objection has been made to a magistrate judge's recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'" Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (second alteration in original) (quoting Vega v. Artuz, No. 97-CV-3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)). "To the extent . . . that the party . . . simply reiterates the original arguments, [courts] will review the Report strictly for clear error." IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07-CV-6865 (LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citations omitted); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, . . . rehashing . . . the same arguments set forth in the original petition." (quotation marks and citations omitted)).

"Courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." Tavares v. City of New York, No. 08-CV-3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (citation omitted). "The submission of new evidence following [a magistrate judge's R&R] is merited only in rare cases, where the party objecting . . . has offered a most compelling reason for the late production of such evidence, or a compelling justification for [the] failure to present such evidence to the magistrate

11

judge." Fischer v. Forrest, 286 F. Supp. 3d 590, 603 (S.D.N.Y. 2018), aff'd, 968 F.3d 216 (2d Cir. 2020) (quotation marks and citations omitted). Similarly, courts do not consider "'new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'" United States v. Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (quoting Hubbard v. Kelley, 752 F. Supp. 2d 311, 313 (W.D.N.Y. 2009)).

### B. Rule 12(b)(6) Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the complaint," Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff." Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief]." Iqbal, 556 U.S. at 678.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to

12

the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Hayden v. Cnty. of Nassau, 180 F.3d 42, 54 (2d Cir. 1999)). Additionally, "[w]here a document is not incorporated by reference, the court may never[the]less consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." Id. (quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006)). And on a motion to dismiss an amended complaint, a court may consider an earlier version of the complaint "'when evaluating the plausibility of [plaintiff's] claims.'" Chidume v. Greenburgh-N. Castle Union Free Sch. Dist., No. 18-CV-01790 (PMH), 2020 WL 2131771, at *13 n.6 (S.D.N.Y. May 4, 2020) (quoting Perry v. Mary Ann Liebert, Inc., No. 17-CV-5600, 2018 WL 2561029, at *4 (S.D.N.Y. June 4, 2018), aff'd, 765 F. App'x 470 (2d Cir. 2019)).

Where a motion to dismiss is directed at a pro se complaint, the complaint must be "interpret[ed] . . . to raise the 'strongest [claims] that [it] suggest[s].'" Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)); see Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 145-46 (2d Cir. 2002) ("When considering motions to dismiss a pro se complaint such as this, 'courts must construe [the complaint] broadly. . . .'" (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000))). "[A]lthough pro se filings are read liberally and must be interpreted 'to raise the strongest arguments that they suggest,' a pro se complaint must still 'plead sufficient facts to state a claim to relief that is plausible on its face.'" Wilder v. U.S. Dep't of Veterans Affairs, 175 F. Supp. 3d 82, 87 (S.D.N.Y. 2016) (internal citations omitted). Moreover, "the court need not accept as true 'conclusions of law or unwarranted deductions of fact,'" Whitfield v.

13

O'Connell, 9 Civ. 1925 (WHP), 2010 WL 1010060, at *4 (S.D.N.Y. Mar. 18, 2010) (quoting First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994)), and "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,'" even for purposes of a pro se complaint. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 678)).

## II.  PLAINTIFF'S OBJECTIONS TO THE R&R

In her objections, Plaintiff asserts that "[t]he Magistrate Judge's dismissal of [her] claims and [her] complaint was based on res judicata," and that this purported res judicata ruling was legal error. (Pltf. Objs. (Dkt. No. 50) at 2; see id. at 2-9)  As explained above, however, Judge Moses "do[es] not recommend that the present action be dismissed on res judicata grounds." (R&R (Dkt. No. 49) at 21)  Plaintiff's res judicata objection is therefore entirely unfounded.

In her objections, Plaintiff does not address Judge Moses's findings regarding the merits of her claims or the statute of limitations for her defamation claim.  The Court therefore reviews these findings for clear error.

As explained above, the R&R's analysis of Plaintiff's Section 1981 and defamation claims is amply supported by in-Circuit case law and by a careful reading of the SAC.  There is no error – let alone clear error – in the R&R's analysis.  The Court therefore adopts the recommendation to dismiss the SAC.

## III.  LEAVE TO AMEND

District courts "'ha[ve] broad discretion in determining whether to grant leave to amend,'" United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 28 (2d Cir. 2016) (quoting Gurary v. Winehouse, 235 F.3d 792, 801 (2d Cir. 2000)), and leave to amend should generally be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).  A court may properly

14

deny leave to amend, however, in cases of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Murdaugh v. City of New York, No. 10 Civ. 7218 (HB), 2011 WL 1991450, at *2 (S.D.N.Y. May 19, 2011) ("Although under Rule 15(a) of the Federal Rules of Civil Procedure leave to amend complaints should be 'freely given,' leave to amend need not be granted where the proposed amendment is futile.").

Leave to amend may be denied on the basis of futility where a plaintiff has "presented no basis for the district court to believe [that she] could allege facts withstanding a 12(b)(6) motion." Sprague v. Salisbury Bank & Tr. Co., 969 F.3d 95, 101 (2d Cir. 2020) (quotation omitted).

As to bad faith, courts may consider whether a plaintiff has made contradictory factual allegations in successive pleadings in determining whether further leave to amend should be granted, particularly where the facts at issue were clearly within plaintiff's knowledge when previous complaints were filed. See Bymoen v. Herzog, Heine, Geduld, Inc., No. 88 Civ. 1796(KMW), 1991 WL 95387, at *1 (S.D.N.Y. May 28, 1991) ("where it appears that a plaintiff's purpose in asserting a new claim is his or her anticipation of an adverse ruling on the original claims, the court will deny leave to amend"); Reisner v. General Motors Corp., 511 F. Supp. 1167, 1171-72 (S.D.N.Y. 1981) (where no new facts were unearthed during discovery that would affect plaintiff's allegations and "[n]o justification for the delay in presenting these new factual allegations and this new theory of recovery [was] given in the plaintiffs' memorandum in support of their motion [to amend,] . . . . the view of the proposed pleading as an attempt to

forestall a ruling against the plaintiffs on a motion for summary judgment is not incredible. Such a motivation for a new complaint would clearly justify denial of permission to file it."), aff'd, 671 F.2d 91 (2d Cir. 1982); see also Wallace v. New York City Dep't of Corrections, No. 95 Civ. 4404(SJ), 1996 WL 586797, at *2 (E.D.N.Y. Oct. 9, 1996) (Where a plaintiff "blatantly changes his statement of the facts in order to respond to the defendant's motion to dismiss," and "directly contradicts [in an amended complaint] facts set forth in his original complaint," the "court accepts the facts as described in the original complaint as true and concludes that the plaintiff has failed to meet [the legal requirements necessary] to establish the liability of supervisory officials.").

Here, Judge Moses finds that "[b]ecause plaintiff's Proposed TAC attempts to cure the deficiencies in the SAC by rewriting certain fundamental aspects of her account, her request for permission to amend yet again – for what would effectively be the fourth time – raises the specter of bad faith." (R&R (Dkt. No. 49) at 39) Indeed, as summarized above, Plaintiff has repeatedly changed key details of her claims, including her residency, when and where the events at issue occurred, and the basis for Delta's decision to fire her. Even now, she is attempting to maintain two contradictory sets of factual allegations – one in the instant case, and the other in her ongoing action against Delta in Supreme Court, Queens County. The proposed TAC would thus be a bad-faith filing.

Moreover, Plaintiff has previously filed three insufficient complaints in the instant action. Given this record, there is no reason to believe that she is capable of alleging facts that adequately state a claim. Any amendment would therefore be futile.[4]

---

[4] In objecting to the R&R's recommendation that leave to amend be denied, Plaintiff repeats her mistaken argument that Judge Moses recommends dismissal on res judicata grounds. Plaintiff

16

Accordingly, leave to amend will be denied.

## CONCLUSION

The R&R is adopted in its entirety; Defendant's motion to dismiss is granted; and Plaintiff's motion for leave to amend is denied. The Clerk of Court is directed to terminate the motion (Dkt. No. 41), to enter judgment for Defendant, and to close this case.

Dated: New York, New York
September 20, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

---

also contends that Judge Swain – in granting Plaintiff leave to amend – somehow ruled "that [Plaintiff] properly stated claims and didn't violate Rule 8 or 12(b)(6)." (Pltf. Objs. (Dkt. No. 50) at 9-17) Judge Swain made no such ruling.